UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOEL MURRAY,

                         Plaintiff,

                                                               9:03-CV-1263
v.                                                             (GTS/RFT)

GEORGE E. PATAKI, *et. al*,

                         Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

JOEL MURRAY, 00-A-1884
   Plaintiff, *Pro Se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. ANDREW M. CUOMO                            ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York
   Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

        Currently pending before the Court in this *pro se* prisoner civil rights action is Plaintiff's

joint-appeal, filed on December 11, 2008, from two Decisions issued by United States

Magistrate Judge Randolph F. Treece in this action.  (Dkt. No. 147.)  The first Decision from

which Plaintiff appeals is Magistrate Judge Treece's Decision of December 5, 2008, denying

Plaintiff's request for a *sixth* extension of time to serve Defendant Dr. Maria Melendez with

process in this action, which was commenced more than five years ago.  (Dkt. No. 146.)  The

second Decision from which Plaintiff appeals is Magistrate Judge Treece's Decision of October

16, 2007, denying Plaintiff's motion for sanctions against Defendants for (allegedly) failing to provide Plaintiff with Dr. Melendez's current address. (Dkt. No. 120.) Although Defendants currently have until January 20, 2009, by which to file a response to Plaintiff's joint-appeal, the Court is not in need of such a response.[1] For the reasons set forth in more detail below, after carefully reviewing the file in this action, the Court can find no error (clear or otherwise), and no abuse of discretion, in Magistrate Judge Treece's Decision of December 5, 2008. In addition, Plaintiff's appeal from Magistrate Judge Treece's Decision of October 16, 2007, is untimely and, in any event, is also without merit. As a result, Plaintiff's appeal is denied, and Magistrate Judge Treece's Decisions are affirmed.

As an initial matter, contrary to Plaintiff's understanding the Court's Decision of November 21, 2005 (Dkt. No. 66), that Decision is not properly construed as having conferred on Defendants a *duty* to provide *Plaintiff* with (1) the home address or work address of Dr. Marie Melendez, and (2) information regarding whether she had retired or been reassigned. (Dkt. No. 147, ¶ 2.) Rather, that Decision *requested* (not directed) the Office of DOCS Counsel to provide the *Clerk of the Court* with, in pertinent part, (1) the current employment status and facility assignment of a "Dr. Melendez," and (2) if she is no longer employed by DOCS, whether she has agreed to appoint DOCS Counsel as her agent for service of process in this action. (Dkt. No. 66, at 3-4.)

In any event, approximately a month after the Court made its request on November 21, 2005, the Office of DOCS Counsel complied with that request by sending the Clerk of the Court

---

[1]    Nonetheless, should Defendants still find a need to file such a response by January 20, 2009, then they made do so, and the Court will consider amending this Decision and Order.

a letter that stated, in pertinent part, "We have not been able to identify an employee by the name

of Dr. Melendez." (Dkt. No. 67.) As a result, on June 28, 2006, the Court issued a Decision that

effectively shifted the burden back to Plaintiff, advising him that "unless [he] is able to provide

the Court with further information regarding the identity of [Dr. Melendez], no further attempt at

service can be made and [she] will be dismissed from this lawsuit." (Dkt. No. 95, at 3.)

However, during the eight (8) months that followed, Plaintiff did not provide such information to

the Court. (*See generally* Docket Sheet.)

     As a result, on May 5, 2007, the Court (1) directed Plaintiff that he must file with the

Court a letter providing information regarding the identity of Dr. Melendez by April 20, 2007,

and (2) warned Plaintiff that his failure to provide that information by that time would lead the

Court to recommend the dismissal of Plaintiff's claims against Dr. Melendez. (Dkt. No. 97, at

24-27; Dkt. No. 101, at 2.)

     On April 1, 2007, Plaintiff provided the Court with the purported address of Dr.

Melendez (at the Satellite Unit of Clinton Correctional Facility). (Dkt. No. 103.) However, that

address was the same as the invalid address for Dr. Melendez provided by Plaintiff three-and-a-

half years earlier. (Dkt. No. 34.) Not surprisingly, on November 21, 2007, the Summons was

returned unexecuted as to Dr. Melendez due to an unability to locate her at Clinton Correctional

Facility. (Dkt. Nos. 108, 127.) Nonetheless, in another extension of special solicitude to

Plaintiff, the Court reissued a Summons as to Dr. Melendez on November 26, 2007. (Dkt. No.

128.) On March 11, 2008, that Summons was also returned unexecuted, with the following

notation: "2/27 No longer works at [Clinton Correctional Facility]. P. Hibbs." (Dkt. No. 134.)

     Five months later, on August 10, 2008, Plaintiff filed a request for a *sixth* extension of the

time for service of process on Dr. Melendez under Fed. R. Civ. P. 4(m).  (*See* Dkt. Nos. 49, 66,

75, 79, 95, 144.)  Plaintiff's request did not provide any new information regarding Dr.

Melendez.  (*Id*.)  Rather, that request accused the DOCS Counsel's Office of lying about Dr.

Melendez' whereabouts on December 27, 2005.  (*Id*.)  Plaintiff reasoned that the P. Hibbs'

assertion (presumably made on February 27, 2008) that "[Dr. Melendez] [n]o longer works at

[Clinton Correctional Facility]" contradicts the Office of DOCS Counsel's assertion (made on

December 27, 2005) that "[w]e have not been able to identify an employee by the name of Dr.

Melendez."  (*Compare* Dkt. No. 134 *with* Dkt. No. 67.)

 The Court finds no contradiction between the two referenced factual assertions.  Both

assertions are consistent with the apparent fact that Dr. Melendez stopped working at Clinton

C.F. before December 27, 2005 (and that her prior employment was recalled by P. Hibbs on

February 27, 2008).  It should be noted that the apparent fact Dr. Melendez stopped working at

Clinton C.F. before December 27, 2005, is also consistent with the fact that, on or about June 14,

2004, the United States Marshal's Service reported that they did not find her at Clinton C.F.

(Dkt. No. 34.)

 Finally, contrary to Plaintiff's characterization of Magistrate Judge Treece's Decision of

December 5, 2008, that Decision was *not* a dismissal of Plaintiff's claim against Dr. Melendez.

(Dkt. No. 147, ¶ 3.)  Rather, that Decision was a denial of Plaintiff's request for a sixth extension

of time to serve her.  (Dkt. No. 146.)  Indeed, Magistrate Judge Treece's Decision expressly

granted Plaintiff thirty (30) days in which to brief Magistrate Judge Treece as to whether or not

he should recommend dismissal of Plaintiff's claims against Dr. Melendez–an opportunity that

Plaintiff has apparently chosen not to pursue.  (*Id*. at 4-5.)

**ACCORDINGLY**, it is

**ORDERED** that, for the reasons set forth above in this Decision and Order, Plaintiff's

appeal from United States Magistrate Judge Randolph F. Treece's Decisions of December 5,

2008, and October 16, 2007 (Dkt. No. 147) is **DENIED**, and those Decisions (Dkt. Nos. 120 and

146) are **AFFIRMED**.

Dated: January 6, 2009
　　　 Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge